BRIAN H. HESS, No. 10313
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Suite 800
136 South Main Street
Salt Lake City, Utah 84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
E-mail: bhess@mmrm.com

_Attorney for Plaintiff Acuity, A Mutual Insurance Company_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS COPELAND CONSTRUCTION, INC. a Utah Corporation; CHRIS COPELAND, an individual;<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br><br>Case No. 4:21-cv-00080-DN<br><br>Judge: David Nuffer |

Plaintiff, Acuity, A Mutual Insurance Company (Acuity), by and through its counsel of record, Brian H. Hess of Morgan, Minnock, Rice & Miner, L.C., hereby seeks declaratory relief pursuant to Title 28, Chapter 151, Section 2201 of the United States Code, the Federal Declaratory Judgment Act, and alleges as follows:

**NATURE OF THE ACTION**

1.  In this diversity action, Plaintiff Acuity brings this action to obtain a declaratory judgment finding that Acuity has no duty to defend or indemnify Chris Copeland Construction and/or Chris Copeland in connection with the Complaint and Demand for Jury Trial filed against Chris Copeland Construction, Inc. and Chris Copeland in the United States District Court, District of Utah (Southern Region) Case No. 4:20-cv-00004-DN, or in connection with the Default Judgment entered against Chris Copeland Construction and Chris Copeland in Case No. 4:20-cv-00004-DN, in the amount of $99,087.87, plus post-judgment interest.  A true and correct copy of the January 28, 2020 Complaint and Demand for Jury Trial, is attached hereto as Exhibit A; and true and correct copy of the February 28, 2020 Default Judgment is attached hereto as Exhibit B.

**PARTIES**

2.  Plaintiff Acuity, A Mutual Insurance Company, is a Wisconsin corporation with its principal place of business located at 2800 S Taylor Dr., Sheboygan, WI, 53081, and it is authorized to do business in the State of Utah.  Acuity legally transacts insurance business in the State of Utah and within the geographical jurisdiction of the United States District Court for the District of Utah, Southern Division.

3.  Defendant Chris Copeland Construction, Inc. is a Utah corporation with its principal place of business located at 2551 West 3750 North Cedar City, UT 84701.

4. Defendant Chris Copeland is an individual residing and domiciled in Cedar City, Utah at all relevant times herein.

## JURISDICTION

5. This Court has jurisdiction over the Parties and subject matter of this litigation pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and more than $75,000 in controversy, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

6. The insurance contract at issue was negotiated, obtained, and to be performed within Washington County, Utah, and the events giving rise to this declaratory action occurred in Washington County, State of Utah.

7. The alleged acts giving rise to this suit all occurred within the District of Utah. For that reason, and because Defendants are domiciled in Utah, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Acuity is, among other things, an insurance company that solicits and sells multiple lines of insurance products, including commercial liability policies.

9. On or about July 25, 2018, under Acuity's Commercial Package Policy Program, Acuity issued to Chris Copeland Construction a BIS-PAK BUSINESS LIABILITY AND MEDICAL

3

EXPENSES COVERAGE FORM CB-0006 (08-15) policy, Policy Number:  ZA5360 (the

"Policy"), with a policy period of October 30, 2018 to October 20, 2019. A true and

correct copy of the Policy is attached as Exhibit C).

10. The Policy is subject to various applicable definitions, conditions, exclusions, and

endorsements.

11. Under the **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS** section of

the policy, the Policy states in paragraph 2a that the insured's "**Duties in the**

**Event of Occurrence, Offense, Claim or Suit**" include:

    a.  **You must see to it that we are notified as soon as practicable of an *occurrence* or an offense which may result in a claim. To the extent possible, notice should include:**
        **(1) How, when and where the *occurrence* or offense took place;**
        **(2) The names and addresses of any injured persons and witnesses; and**
        **(3) The nature and location of any injury or damage arising out of the *occurrence* or offense.**

12. In addition, under the Policy states in paragraph 2b that the insured's "**Duties in the**

**Event of Occurrence, Offense, Claim or Suit**" also include:

    b.  **If a claim is made or *suit* is brought against any insured, you must;**
        **(1) Immediately record the specifics of the claim or *suit* and the date received;  and**

> **(2)  Notify us as soon as practicable.**
>
> **You must see to it that we receive written notice of the claim or *suit* as soon as practicable.**

13. In addition, the Policy states in paragraph 2c that the insured's "**Duties in the Event of Occurrence, Offense, Claim or Suit**" also include:

> **c.  You and any other involved insured must:**
>
> **(1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or *suit;***
>
> **(2)  Authorize us to obtain records and other information;**
>
> **(3)  Cooperate with us in the investigation or settlement of the claim or defense against the *suit;* and**
>
> **(4)  Assist us, upon our request, in the enforcement of any right against any per- son or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.**

14. On January 28, 2020, Ron and Donna Ingram filed a Complaint and Demand for Jury Trial against Chris Copeland Construction, Inc. and Chris Copeland in the United States District Court, District of Utah (Southern Region) Case No. 4:20-cv-00004-DN, alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing,

negligence, and unjust enrichment.  (<u>See</u> January 28, 2020 Complaint and Demand for Jury Trial, attached as Exhibit A).

15. Ron and Donna Ingram asserted claims in their Complaint and Demand for Jury Trial arising from the construction of a cabin on the Ingrams' property in Duck Creek Village, Utah.  (<u>See id</u>., Exhibit A).

16. The allegations and claims Ron and Donna Ingram asserted in their Complaint and Demand of Jury Trial against Chris Copeland Construction and Chris Copeland included, among others, the following:

   a. On November 4, 2018, Ron and Donna Ingram entered into a construction agreement wherein Chris Copeland Construction agreed to provide construction related services to on their property, including "rough framing the basement walls, first floors and walls, loft floor and walls, roof framing, posts, beams, and decks . . . stacking of log kit, labor, tools, pneumatic nails/staples, and forklift services."

   b. Although Ron and Donna Ingram satisfied their contractual duties through transmittal of the down payment, Chris Copeland Construction failed to hold up its end of the bargain almost from the start of the contractual relationship.

   c. Chris Copeland Construction materially breached the Construction Agreement, including by failing to perform the work contemplated under the Construction

Agreement, failing to perform the work in a workmanlike manner, and causing damage to the property.

d.  Despite promising to start construction on the project, Chris Copeland Construction failed show up for days at a time to perform the work; failed to install exterior logs within the two weeks it had promised; and failed to show up to work on the property for weeks at a time.

e.  Chris Copeland Construction spent 4 days removing snow on the property that it claimed was necessary to continue construction on the property in or around January 2019; in performing the snow removal, Chris Copeland Construction damaged exterior logs and other finishing materials that it had left out exposed to the elements; in performing the snow removal, Chris Copeland Construction also damaged the deck piers by hitting them with machinery, damaging them, and knocking them out of plumb; in performing the snow removal, Chris Copeland Construction also pushed rocks onto the septic tank, which had not yet been covered, causing damage to the tank and additional expenses to later remove the rocks.

f.  Chris Copeland Construction never fully installed the exterior logs on the Property; never fully finished rough framing the basement walls; never fully finished framing the first floors and walls; never fully finished framing the roof or

installing the posts; and otherwise failed to fulfill any of its obligations under the agreement.

g.  Chris Copeland Construction left exterior logs uncovered and exposed to the elements, resulting in significant damage to the logs and requiring substantial work to repair the logs; exterior logs that were stacked by Chris Copeland Construction were not stacked properly and the cope for many of the logs was short by as much as 2 inches; Chris Copeland Construction had used improper joists at the south end of the property and also in the garage; the floor in both areas was sagging due to the improper joists and required significant work and expense to fix; the framing that Chris Copeland Construction did install in the basement was not done properly and needed to be corrected, resulting in significant expenses for labor and materials; and Chris Copeland Construction also failed to correctly install microlam above the garage door and failed to correctly place the hold downs in the basement.

h.  Chris Copeland Construction's errors and breaches of the construction agreement caused damage to Ron and Donna Ingram; that they were required to retain a new contractor to Chris Copeland Construction's unworkmanlike work; and that as a result of Chris Copeland Construction's delays and failure to complete its work under the agreement, Ron and Donna Ingram alleged they

incurred substantial costs to have snow removed and other damages, including incurring substantial interest fees on a construction loan; and Ron and Donna Ingram claimed damages in the amount of not less than $99,087.87, and, to the extent applicable, interest, costs, and attorney fees.

i.  Ron and Donna Ingram alleged that Chris Copeland Construction and Chris Copeland had a duty not to damage their property while they were on the property and performing work and that they breached their duty by damaging the deck piers and septic tank on the property; leaving Plaintiffs' exterior logs uncovered and exposed to the elements; and that their actions in hitting the deck piers and moving rocks onto the septic tank caused damage and their actions in leaving the exterior logs uncovered and exposed to the elements such as snow and rain, caused damage to the property.

j.  Ron and Donna Ingram alleged that they informed Chris Copeland Construction and Chris Copeland that if it did not start working on the property again, they would terminate the Construction Agreement; by September 2019, Chris Copeland Construction and Chris Copeland had failed to finish any of the work required under the Construction Agreement; and on September 7, 2019, and after months of delay and non-progress on the construction of the Property, Plaintiffs terminated the Construction Agreement;

k.   Ron and Donna Ingram alleged that after terminating the Construction
Agreement they discovered substantial damage to their property.

17. Chris Copeland Construction and/or Chris Copeland did not timely answer the Complaint
and Jury Demand or the claims and allegations of Ron and Donna Ingram and, on
application of Ron and Donna Ingram, the Clerk of Court entered default on February 21,
2020.  (See February 21, 2020 Entry of Default Certificate, attached as Exhibit D).

18. Ron and Donna Ingram subsequently filed a motion seeking entry of default judgment
against Defendants, and Default Judgment in the amount of $99,087.87 was entered in
favor of Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland
on February 28, 2020.  (See February 28, 2020 Default Judgment, attached as Exhibit B).

19. Chris Copeland Construction and Chris Copeland was informed of, and knew or should
have known of the entry of Default Judgment and their ability to seek relief from the
Default Judgment at an April 27, 2020 status conference with the court in Case No. 4:20-
cv-00004-DN where they were given time by the court to obtain counsel in order
attempt to seek relief from the Default Judgment.

20. Following the April 27, 2020 status conference in Case No. 4:20-cv-00004-DN, Chris
Copeland Construction and Chris Copeland did nothing to seek relief from the Default
Judgment or seek to set aside the Default Judgment.

21. Despite being given the opportunity to obtain counsel and to attempt to seek relief from the Default Judgment by the court at an April 27, 2020 status conference in Case No. 4:20-cv-00004-DN, Chris Copeland Construction and Chris Copeland did not seek counsel or attempt to seek relief from the Default Judgment until nine months later.

22. Instead, as a result of the Default Judgment, Chris Copeland, through counsel, filed a bankruptcy petition on August 12, 2020 in the United States Bankruptcy Court, District of Utah (Southern Region) Bankruptcy Case No. 20-22691.

23. Chris Copeland Construction and Chris Copeland made the deliberate decision to pursue bankruptcy rather than relief from the Default Judgment, despite being given the opportunity by the court in the underlying action in Case No. 4:20-cv-00004-DN to obtain counsel to attempt to seek relief from the Default Judgment at an April 27, 2020 status conference with the court.

24. In or about October 2020, months after filing for bankruptcy, Chris Copeland learned from his bankruptcy counsel that Chris Copeland Construction and Chris Copeland could tender a claim and request a defense and indemnification under the Acuity Policy against the claims and lawsuit of Ron and Donna Ingram.

25. Nevertheless, it was still not until on or about December 22, 2020, that Chris Copeland Construction and/or Chris Copeland contacted Acuity to notify Acuity of the claims and

the lawsuit and to tendered a claim to Acuity under the Policy for the claims and lawsuit of Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland.

26. Consequently, Acuity did not receive notice of an any claim or lawsuit against Chris Copeland Construction or Chris Copeland until on or about December 20, 2020—ten months after the Default Judgment in the amount of $99,087.87, plus post-judgment interest was entered against Chris Copeland Construction and Chris Copeland.

27. Chris Copeland Construction and Chris Copeland knew or should have known of the facts relevant to defenses they had against the claims and lawsuit of Ron and Donna Ingram prior to the entry of the Default Judgment in February 2020.

28. Chris Copeland Construction and Chris Copeland knew or should have known prior to the entry of the Default Judgment in February 2020 of the occurrence, offense, facts, allegations, complaints, claims of Ron and Donna Ingram arising from their construction agreement.

29. Chris Copeland Construction and Chris Copeland knew or should have known prior to the entry of the Default Judgment in February 2020 how, when and where the occurrence or offense giving rise to Ron and Donna Ingram's lawsuit and claims took place; the names and addresses of witnesses; and the nature and location of any injury or damage arising out of the occurrence or offense or claims or allegations of Ron and Donna Ingram.

30. Chris Copeland Construction and Chris Copeland knew or should have known prior to the entry of the Default Judgment in February 2020 of the claims and lawsuit of Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland.

31. Chris Copeland Construction and Chris Copeland also knew or should have known of the existence of the insurance policy that Chris Copeland Construction and/or Chris Copeland they had with Acuity prior to the entry of the Default Judgment in February 2020.

32. Chris Copeland Construction and Chris Copeland failed to independently investigate into their ability to tender a claim to Acuity Insurance under the Policy.

33. Chris Copeland Construction and Chris Copeland did not contact Acuity Insurance about providing representation or a defense to Ron and Donna Ingram's claims and lawsuit until the insurance policy was discovered by Chris Copeland's bankruptcy counsel sometime in October 2020, after Chris Copeland filed for bankruptcy and after entry of the Default Judgment in February 2020.

34. Nevertheless, even after learning in or about October 2020 from Chris Copeland's bankruptcy counsel that Chris Copeland Construction and Chris Copeland could tender a claim and request a defense and indemnification against Ron and Donna Ingrams' claims under the Acuity Policy, Chris Copeland Construction and Chris Copeland unreasonably

delayed by at least an additional two months between when the Policy was identified in or about October 2020, and the December 2020 tender of the claim to Acuity.

35. On December 28, 2020, Acuity issued a Reservation of Right Letter notifying Mr. Copeland that the reported loss was being handled under a Reservation of Rights, which would permit the company to investigate the claims with no admission of Acuity's liability and without waiving or relinquishing any rights or defenses of Acuity under the Policy. (See December 30, 2020 Reservation of Rights Letter, attached as Exhibit E).

36. Under the Reservation of Rights letter, Acuity notified Chris Copeland Construction and Chris Copeland that under the **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS** provisions of the Policy, Acuity had no duty to provide coverage under the policy unless the insureds had fully complied with the Conditions contained in that Coverage Part, including fully complying with the conditions set forth in the insureds' **Duties in the Event of Occurrence, Offense, Claim or Suit** provisions of the policy.

37. In addition, under the Reservation of Rights Letter, Acuity informed Chris Copeland Construction and Chris Copeland of paragraph 3 of the **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS** section of the Policy which states:

   **3. Legal Action Against Us**
   **No person or organization has a right under**
   **this policy:**
   **a. To join us as a party or otherwise bring us**
   **into a suit asking for damages from an**
   **insured; or**

**b.  To sue us on this policy unless all of its terms have been fully complied with.**

**A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable Limit of Insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.**

24. Under the Reservation of Rights Letter, Acuity also advised Chris Copeland Construction and Chris Copeland of the following provisions, conditions, and exclusions in the Policy under the Business Liability portion of the Policy:

**1. Business Liability**

**a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury, property damage* or *personal and advertising injury* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury, property damage* or *personal and advertising injury* to which this insurance does not apply. We may at our discretion investigate any *occurrence* or any offense and settle any claim or *suit* that may result. But:**

**(1)  The amount we will pay for damages is limited as described in the Liability and Medical Expenses Limits of Insurance Section; and**

      (2)     **Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments, settlements or medical expenses.**

**No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.**

**b.**    **This insurance applies:**

    **(1) To *bodily injury* or *property damage* only if:**

        **(a)**    **The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory;* and**

        **(b)**    **The *bodily injury* or *property damage* occurs during the policy period.**

        **(c)**    **Prior to the policy period, no insured listed under item 1 of Who Is An Insured and no *employee* authorized by you to give or receive notice of an *occurrence* or claim, knew that the *bodily injury* or *property damage* had occurred, in whole or in part. If such a listed insured or authorized *employee* knew, prior to the policy period, that the *bodily injury* or *property damage* occurred, then any continuation, change or resumption of such *bodily injury* or *property damage* during or after the policy period will be deemed to have been known before the policy period.**

    **(2) To *personal and advertising injury* caused by an offense arising out of your business, but only if the offense was committed in the *coverage territory* during the policy period.**

**c.**    ***Bodily injury* or *property damage* which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under item 1 of Who Is An Insured or any *employee* authorized by you**

to give or receive notice of an *occurrence* or claim, includes any continuation, change or resumption of *bodily injury* or *property damage* after the end of the policy period.

d.   *Bodily injury* or *property damage* will be deemed to have been known to have occurred at the earliest time when any insured listed under item 1 of Who Is An Insured or any *employee* authorized by you to give or receive notice of an *occurrence* or claim:

(1)   Reports all, or any part, of the *bodily injury* or *property damage* to us or any other insurer;

(2)   Receives a written or verbal demand or claim for damages because of the *bodily injury* or *property damage;* or

(3)   Becomes aware by any other means that *bodily injury* or *property damage* has occurred or has begun to occur.

d.   Damages because of *bodily injury* include damages claimed by any person or organization for care, loss of services or death resulting at any time from the *bodily injury.*

25. Acuity, in its Reservation of Rights Letter also notified Chris Copeland Construction and

Chris Copeland of the following **EXCLUSIONS** in the Policy, and that **Applicable to**

**Business Liability Coverage This Insurance does not apply to**:

l.   **Damage to Your Product**
      *Property damage* to *your product* arising out
      of it or any part of it.

m.   **Damage to Your Work**
       *Property damage* to *your work* arising out of it
       or any part of it and included in the *products-completed
       operations hazard.*
       This exclusion does not apply if the damaged
       work or the work out of which the damage arises
       was performed on your behalf by a subcontractor.

17

**n.  Damage to Impaired Property or Property
Not Physically Injured**
***Property damage* to *impaired property* or
property that has not been physically injured,
arising out of:**
**(1)  A defect, deficiency, inadequacy or
dangerous condition in *your product* or
*your work;* or**
**(2)  A delay or failure by you or anyone acting
on your behalf to perform a contract or
agreement in accordance with its terms.**
**This exclusion does not apply to the loss of use of
other property arising out of sudden and accidental
physical injury to *your product* or *your work* after
it has been put to its intended use.**

**o.  Recall of Products, Work or Impaired Property**
**Damages claimed for any loss, cost or expense
incurred by you or others for the loss of use,
withdrawal, recall, inspection, repair, replacement,
adjustment, removal or disposal of:**
**(1)  *Your product;***
**(2)  *Your work;* or**
**(3)  *Impaired property;***
**if such product, work or property is withdrawn
or recalled from the market or from use by any
person or organization because of a known or
suspected defect, deficiency, inadequacy or
dangerous condition in it.**

26. Through counsel retained by Acuity, and subject to the reservation of rights stated in the

Reservation of Rights letter, Chris Copeland Construction, Inc. and Chris Copeland filed a

Motion to Set Aside Default judgment on February 19, 2021.

27. However, on May 25, 2021, the court denied Chris Copeland Construction, Inc. and
Christ Copeland's Motion to Set Aside.  (<u>See</u> Memorandum Decision and Order Denying
Defendant's Motion to Set Aside Default Judgment, attached as Exhibit F).

28. The reasons stated by the court for denying Chris Copeland Construction and Chris
Copeland's motion to set aside default judgment include, among others, the following:

    a.  While Chris Copeland Construction and Chris Copeland's failure to timely and
sufficiently answer was the product of mistake or excusable neglect that could
warrant relief under Rule 60(b)(1), Chris Copeland Construction and Chris
Copeland inexcusably, unreasonably, and prejudicially delayed the filing of their
motion to set aside and the motion to set aside was untimely;

    b.  Chris Copeland Construction and Chris Copeland knew or should have known of
the facts relevant to their asserted meritorious defenses prior to the entry of the
default judgment in February 2020; they also knew or should have known of the
existence of their insurance policy with Acuity Insurance prior to the entry of the
default judgment; they did not independently investigate into their ability to
tender a claim to Acuity Insurance; and they did not contact Acuity Insurance
about providing representation of a defense to Ron and Donna Ingram's claims
and lawsuit until the insurance policy was discovered by Chris Copeland's
bankruptcy counsel.

29. Due to Chris Copeland Construction and Chris Copeland's failure to give timely notice to Acuity of Ron and Donna Ingram's claims and lawsuit, Acuity did not have an opportunity to fully investigate the claims before entry of the Default Judgment, which the court refused to set aside.

30. Due to Chris Copeland Construction and Chris Copeland's failure to give timely notice to Acuity of Ron and Donna Ingram's claims and lawsuit, Acuity did not have the opportunity to: a) examine the alleged construction and damages; b) interview and/pr examine witnesses; c) assess the nature and location of any alleged damages; d) determine the reasonable cost for or possible resolution of the claim; and/or f) retain experts and other specialists to assess potential liability and damages prior to the entry of the Default Judgment, which the court refused to set aside.

31. Due to Chris Copeland Construction's failure to notify Acuity of the claims and lawsuit of Ron and Donna Ingram, Acuity was not given the opportunity to obtain records and other information; investigate, settle or defend against the claims or lawsuit; or attempt to possibly settle and/or otherwise resolve the claim prior to entry of the Default Judgment, which the court refused to set aside.

### <u>FIRST CAUSE OF ACTION</u>
**(Declaratory Relief – Failure to Notify Acuity Insurance Pursuant to the Policy)**

32. Acuity incorporates by reference paragraphs 1-31 above as if fully set forth herein.

33. Pursuant to the Policy, Chris Copeland Construction and Chris Copeland had the duty in the event of an occurrence, offense, claim, or lawsuit to notify Acuity as soon as practicable of such an occurrence or an offense which may result in a claim or lawsuit and to provide notice of when and where the occurrence or offense took place; the names and addresses of any injured persons and witnesses; and the nature and location of any injury or damage arising out of the occurrence or offense.

34. Pursuant to the Policy, Chris Copeland Construction and Chris Copeland had the duty when the claim or lawsuit of Ron and Donna Ingram asserted against them to immediately record the specifics of the claim or suit and the date received and notify and provide Acuity with written notice as soon as practicable of the claim and/or lawsuit.

35. In addition, pursuant to the Policy, Chris Copeland Construction and Chris Copeland had the duty to immediately send Acuity copies of any demands, notices, summonses or legal papers received in connection with a claim or lawsuit; authorize and assist Acuity to obtain records and other information; and cooperate with Acuity in the investigation or settlement of the claim or defense against the lawsuit, among other things.

36. Chris Copeland Construction and Chris Copeland failed to comply with the conditions and duties contained in the policy by, among other things, the following:

a.  Chris Copeland Construction and Chris Copeland failed to notify Acuity as soon as practicable of the occurrence or offense which resulted in the claim or lawsuit of Ron and Donna Ingram;

b.  Chris Copeland Construction and Chris Copeland failed to provide notice of when and where the occurrence or offense took place; the names and addresses of any injured persons and witnesses; and the nature and location of any injury or damage arising out of the occurrence or offense.

c.  Chris Copeland Construction and Chris Copeland failed to immediately record the specifics of the claim or lawsuit of Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland and the date received and notify and provide Acuity with written notice as soon as practicable of the claim and/or lawsuit.

d.  Chris Copeland Construction and Chris Copeland failed to immediately send Acuity copies of any demands, notices, summonses or legal papers received in connection with a claim or lawsuit; authorize and assist Acuity to obtain records and other information; and to otherwise assist and cooperate with Acuity in the investigation or settlement of the claim or defense against the lawsuit filed by Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland.

e.  Chris Copeland Construction and Chris Copeland failed to immediately send Acuity copies of the Default Judgment entered in February 2020 against Chris

Copeland Construction and Chris Copeland and any notices, summonses or legal papers or legal proceedings received in connection with the Default Judgment entered February 2020;

f.   Chris Copeland Construction and Chris Copeland failed to otherwise cooperate with Acuity in investigating, settling, or defending against the lawsuit filed by Ron and Donna Ingram against Chris Copeland Construction and Chris Copeland and to otherwise act to timely act to prevent and/or seek relief from the Default Judgment entered in February 2020.

37. Based on the foregoing paragraphs and facts and allegations stated herein, it was reasonably possible for Chris Copeland Construction and Chris Copeland to timely give notice to Acuity and to comply with the conditions and Duties in the Event of Occurrence, Offense, Claim or Suit contained in the Policy, prior to the entry of Default Judgment in February 2020, but Chris Copeland Construction and Chris Copeland failed to do so.

38. Acuity was substantially prejudiced by Chris Copeland Construction and Chris Copeland's failure to comply with the foregoing conditions and duties under the Policy prior to entry of the Default Judgment in February 2020.

39. Among other things, Acuity was substantially prejudiced by Chris Copeland Construction and Chris Copeland's failure to notify Acuity per the terms and conditions and duties of the Policy because:

    a. Acuity was not been provided with the opportunity to investigate, defend, and/or attempt resolve the claim or lawsuit prior to the entry of the Default Judgment in February 2020 or to timely intervene and/or retain counsel to seek to set aside the Default Judgment, which the court refused to set aside;

    b. Acuity did not have the opportunity to investigate the claim, participate in any decision pre-litigation to address Ron and Donna Ingram's claims or to investigate the basis of their claims, or to ultimately defend against the claims or determine if the claim could have been reasonably resolved before the Default Judgment was entered against Chris Copeland Construction and Chris Copeland.

40. Pursuant to the express terms of the Policy, Acuity has no duty to provide coverage to Chris Copeland Construction and Chris Copeland because Chris Copeland Construction and Christ Copeland have not fully complied with the conditions and duties stated in the foregoing paragraphs and the Policy requiring that they provide notice as soon as practicable of an occurrence, offence, claim or lawsuit against them, provide copies of any demands, notices, summonses or legal papers received in connection with the claim

or suit; and otherwise cooperate in the investigation, settlement, or defense of the claim or lawsuit.

41. Acuity is accordingly entitled to, and requests, declaratory relief and judgment that Acuity has no duty to defend or indemnify Chris Copeland Construction and Chris Copeland in connection with the Ron and Donna Ingram's lawsuit filed in Case No. 4:20-cv-00004-DN, and the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87 in Case No. 4:20-cv-00004-DN.

## SECOND CAUSE OF ACTION
**(Declaratory Relief – No Coverage Under the Policy for the Claims, Suit, and Default Judgment)**

42. Acuity incorporates by reference paragraphs 1-41 above as if fully set forth herein.

43. Under the terms of the Policy, Acuity is only obligated to defend claims or suits for damages which are covered by Policy.

44. Pursuant to the terms of the Policy, losses and damages that occurred prior to or after the Policy term of October 30, 2018, to October 30, 2019, are not covered.

45. Property damage and damages alleged by Ron and Donna Ingram in their lawsuit, or that are included in the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, occurred after terminating the construction agreement in September 2019 and after the October 30, 2019 policy period ended, and the Chris Copeland Construction and Chris Copeland are not covered for such damages and losses under the Policy.

46. Under the **WHO IS AN INSURED** provisions of the Policy, the Policy states:

> **1.  If you are designated in the Declarations as:**
> **. . . .**
> **d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.**

47. The Declarations of the Policy indicates that:

> **FIRST NAMED INSURED IS:**
> **ORGANIZATION OTHER THAN PARTNERSHIP, JOINT VENTURE OR LIMITED LIABILITY COMPANY**

48. Consequently, to the extent Chris Copeland is not an executive officer or director of Chris Copeland Construction, Inc. and/or to the extent he acted outside of his duty as an officer or director of Chris Copeland Construction, Inc., Chris Copeland is not covered under the policy for the damages and losses alleged against them by Ron and Donna Ingram and/or that are included in the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87.

49. Chris Copeland Construction and Chris Copeland are not covered for any property damage, unless that damage was caused by an "occurrence," as defined by the Policy.

50. In addition, to the extent each Ron and Donna Ingram's claims, lawsuit, damages, or any of the damages amount included in the Default Judgment entered against Chris

Copeland Construction and Chris Copeland in the amount of $99,087.87, are not covered by the terms the Policy, or fall into an exception or exclusion to coverage under the Policy, Chris Copeland Construction and Chris Copeland are not covered under the Policy for such damages and losses alleged against them by Ron and Donna Ingram and/or the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87.

51. Upon information and belief, Ron and Donna Ingram have claimed or alleged damages in the lawsuit and Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, were caused by work or products or materials that Chris Copeland Construction and Chris Copeland did or provided at Ron and Donna Ingram's property.

52. The claims and damages alleged by Ron and Donna Ingram, and the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, include "**Damage to Your Product"** or **"Property damage to your product arising out of it or any part of it"** as defined in the policy and under the law and, therefore, coverage under the Policy for such claims, damages, and losses alleged against Chris Copeland Construction and Chris Copeland, or that are included in the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, is excluded under the terms of the Policy.

53. The claims and damages alleged by Ron and Donna Ingram, and the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, include "**Damage to Your Work**" or "**Property damage to your work arising out of it or any part of it and included in the products-completed operations hazard,**" as defined in the policy and under the law and, consequently, coverage under the Policy for such claims, damages and losses alleged against Chris Copeland Construction and Chris Copeland, or that are included in the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, is excluded under the terms of the Policy.

54. The claims and damages alleged by Ron and Donna Ingram, and the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, include "**Damage to Impaired Property or Property Not Physically Injured**" or "P**roperty damage to impaired property or property that has not been physically injured, arising out of: (1)A defect, deficiency, inadequacy or dangerous condition in your product or your work; or (2)A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms,**" as defined in the policy and under the law and, consequently, coverage under the Policy for such claims, damages and losses alleged against Chris Copeland Construction and Chris Copeland, or that are included in the Default Judgment entered against Chris Copeland

Construction and Chris Copeland in the amount of $99,087.87, is excluded under the terms of the Policy.

55. The claims and damages alleged by Ron and Donna Ingram, and the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, include "**Recall of Products, Work or Impaired Property**" or "**Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of: (1) Your product; (2) Your work; or (3) Impaired property**" as defined in the policy and under the law and, consequently, coverage under the Policy for such damages and losses alleged against Chris Copeland Construction and Chris Copeland, or that are included in the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87, is excluded under the terms of the Policy.

56. Accordingly, based on the foregoing facts allegations and Policy provisions and exclusions, Acuity has no duty to defend or indemnify or provide coverage to Chris Copeland Construction and Chris Copeland for Ron and Donna Ingram's claims, lawsuit, damages, or losses, or for the Default Judgment entered against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87 suit against Defendant, because they are not covered or excluded by the Policy, Acuity is entitled to declaratory relief and judgment.

## **PRAYER FOR RELIEF**

Wherefore, Acuity prays for judgment and declaratory relief against Chris Copeland Construction and Chris Copeland, and an adjudication and declaration from this Court:

1. That the Policy does not provide coverage, defense, or indemnification for the claims, allegations, losses and damages asserted against Chris Copeland Construction and Chris Copeland by Ron and Donna Ingram, or for the Default Judgment entered in Case No. 4:20-cv-00004-DN in the United States District Court, District of Utah (Southern Region) against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87;

2. That Acuity is not obligated to provide coverage, defense, or indemnification to Chris Copeland Construction and Chris Copeland for the claims and allegations damages or losses made against Chris Copeland Construction and Chris Copeland by Ron and Donna Ingram in their lawsuit or for the Default Judgment entered in Case No. 4:20-cv-00004-DN in the United States District Court, District of Utah (Southern Region) against Chris Copeland Construction and Chris Copeland in the amount of $99,087.87;

3. That awards Acuity is costs incurred;

4. That declares such other further relief as the Court deems necessary and just.

DATED this 28th day of July, 2021.

        MORGAN, MINNOCK, RICE & MINER, L.C.

        */s/ Brian H. Hess*_____
        Brian H. Hess
        *Attorney for Plaintiff*
        *Acuity, A Mutual Insurance Company*